IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02698-GPG

LAVERN BARRON, a/k/a LAVONE B. BARRON,

    Applicant,

v.

RANDY LIND, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Lavern Barron, is a prisoner in the custody of the Colorado Department of Corrections (CDOC) at the Arkansas Valley Correctional Facility in Ordway, Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (ECF No. 8).  Mr. Barron challenges the validity of his convictions and sentence imposed in the District Court of Denver County, Colorado.  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On November 18, 2014, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  (ECF No. 12).  Respondents filed a Pre-Answer Response on November 28, 2014.  (ECF No. 16).  Applicant was given an opportunity to file a Reply.

    The Court construes the Application liberally because Mr. Barron is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the § 2254 Application will be dismissed as time-barred.

## I. Background and State Court Proceedings

In January 2007, Mr. Barron was convicted by a jury in Denver County District Court Case No. 06CR2543 of two counts of aggravated first degree sexual assault. (ECF No. 16-1, at 11-12). Upon his adjudication as a habitual offender, Applicant was sentenced to a 72-year prison term with the CDOC. (*Id.* at 9). His convictions and sentence were affirmed on direct appeal in *People v. Lavern Bunny Barron*, No. 07CA1078 (Colo. App. May 14, 2009) (unpublished) (ECF No. 16-3). The Colorado Supreme Court denied Mr. Barron's petition for certiorari review on August 24, 2009. (ECF No. 16-5).

Mr. Barron filed a motion for sentence reconsideration on October 26, 2009, which the trial court denied the following day. (ECF No. 16-1, at 7). Applicant did not appeal.

On December 13, 2010, Mr. Barron filed a motion for post-conviction relief pursuant to Colo. Crim. P. Rule 35(c), which was denied by the state district court on October 10, 2011. (*Id.* at 6-7). The Colorado Court of Appeals affirmed the district court's order in *People v. Lavern Bonnie Barron*, 11CA2159 (Colo. App. Nov. 14, 2013) (unpublished). (ECF No. 16-8). The Colorado Supreme Court denied Applicant's petition for certiorari review on September 8, 2014. (ECF No. 16-10).

## II. Prior Federal Application

Mr. Barron filed his first § 2254 Application in this Court, on August 12, 2010. *See Lavern B. Barron v. The People of the State of Colorado, et al.*, No. 10-cv-02134-ZLW. On November 10, 2010, Magistrate Judge Boyd N. Boland issued an Order directing Applicant to show cause, within thirty days, why the § 2254 Application should not be dismissed without prejudice as a mixed petition, pursuant to *Rose v. Lundy*, 455 U.S. 509, 522 (1982), because it contained both exhausted and unexhausted claims. (*See id.* at ECF No. 10). Magistrate Judge Boland gave Applicant the following advisement in the Order to Show Cause:

> . . . In order to avoid dismissal of a habeas application as a mixed petition, an applicant may elect to dismiss any unexhausted claims and pursue only those claims for which state remedies already have been exhausted. If an applicant wishes to pursue all of his claims in federal court the habeas action will be dismissed without prejudice so that the applicant may exhaust state remedies. He then may file a new application for a writ of habeas corpus.
>
> A decision to dismiss unexhausted claims and pursue immediately only exhausted claims likely will bar an applicant from seeking review of the unexhausted claims in a second or successive application. **See** 28 U.S.C. § 2244(b). Alternatively, if an applicant elects to dismiss the entire action and return to state court to exhaust the unexhausted claims before seeking relief in federal court, the one-year limitation period in § 2244(d) will be applied to any new federal court action the applicant seeks to file. Furthermore, the time during which a 28 U.S.C. § 2254 application is pending in this Court does not toll the one-year limitation period in § 2244(d). **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition").
>
> The fact that the instant action currently is timely under § 2244(d) does not mean that any future action filed by Mr. Barron also will be timely.

(*Id.*, at pp. 5-6) (Emphasis in the original).

In his response to the Order to Show Cause, Mr. Barron stated that he desired to pursue all of his claims in federal court, and, therefore, he requested that the Court dismiss the action without prejudice so that he could exhaust state court remedies for his unexhausted claims. (*Id.*, ECF No. 11). Based on Applicant's response, the Court dismissed the action without prejudice on December 2, 2010, and reminded Mr. Barron that "the fact that the instant action currently is timely under 28 U.S.C. § 2244(d) does not mean that any future action filed by Mr. Barron will be timely." (*Id.*, ECF No. 12).

Mr. Barron subsequently filed the instant proceeding on September 30, 2014. He asserts six claims for relief in his § 2254 Application. (ECF No. 8).

Respondents argue in the Pre-Answer Response that the Application is barred by the one-year limitation period in 28 U.S.C. § 2244(d). (ECF No. 16, at 6-9).

## III. AEDPA Time Bar

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)  the date on which the factual predicate of the claim or
>    claims presented could have been discovered through the
>    exercise of due diligence.
>
>    (2)  The time during which a properly filed application for State post-
>    conviction or other collateral review with respect to the pertinent judgment
>    or claim is pending shall not be counted toward any period of limitation
>    under this subsection.

28 U.S.C. § 2244(d).

Mr. Barron's conviction became final on November 23, 2009, ninety days after the Colorado Supreme Court denied his petition for certiorari review, when the deadline for seeking discretionary relief in the United States Supreme Court expired.[1]  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001); Sup. Ct. R. 13.1.  The AEDPA one-year period commenced on that date, absent statutory tolling. *See Holland v. Florida*, 560 U.S. 631, 635 (2010) ("And on that date–the date that our denial of the petition ended further direct review of Holland's conviction–the 1-year AEDPA limitations clock began to run.").

Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending.  An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The requirements include:

>    (1) the place and time of filing; (2) the payment or waiver of any
>    required filing fees; (3) the obtaining of any necessary judicial
>    authorizations that are conditions precedent to filing, such as
>    satisfying any filing preconditions that may have been imposed on

---

[1] Because the 90th day was a Sunday, Applicant would have been entitled to file his petition for review on the next business day, Monday November 23, 2009.  Sup. Ct. R. 30.1.

>an abusive filer; and (4) other conditions precedent that the state
>may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The one-year limitation period would have commenced on November 23, 2009, except for the fact that Mr. Barron's Colo. Crim. P. Rule 35(b) motion was pending in the state courts.  The limitation period was tolled until December 11, 2009, when the 45-day period for filing an appeal of the trial court's October 27, 2009 order denying the Rule 35(b) motion expired.  *See* Colo. App. R. 4(b) (2009).

The AEDPA time clock began to run on December 12, 2009.  Mr. Barron did not file another state post-conviction motion until December 13, 2010, when he filed his Colo. Crim. P. Rule 35(c) motion in the state district court. The Rule 35(c) motion was filed on the anniversary date of the start of the one-year limitation period[2] and was pending until September 8, 2014, when the Colorado Supreme Court denied Applicant's petition for certiorari review.  Mr. Barron thereafter filed the instant action on September 30, 2014, 22 days after the one-year period expired.

---

[2]December 13, 2010 marked the one-year anniversary for the running of the one-year limitation period because December 12, 2010 was a Sunday.  *See* Fed. R. Civ. P. 6.

Under the AEDPA, the limitation period is tolled only during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Applicant's first federal Application, filed in Case No. 10-cv-02134-ZLW, on August 12, 2010, did not the further toll the limitation period pursuant to § 2244(2)(2). *See Duncan*, 533 U.S. at 181-82.

Moreover, Mr. Barron did not ask the Court to stay the earlier proceeding, pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005), while he finished exhausting his state court remedies, and there is nothing to indicate that he could have met the requirements for a stay – specifically, that he had good cause for failing to exhaust his claims in the state courts before seeking federal habeas relief. *See Rhines*, 544 U.S. at 277. Inexplicably, Mr. Barron chose to file a federal Application ten months after his Rule 35(b) motion was denied, instead of pursuing additional post-conviction remedies in the state courts.

The Court was not required to advise Applicant, in his earlier federal habeas proceeding, of the potential availability of a stay under *Rhines*. *See Pliler v. Ford*, 542 U.S. 225 (2004). In *Pliler*, the *pro se* petitioner had timely filed a mixed petition before expiration of the AEDPA one-year limitation period. After the statute of limitations had run, the district court informed the petitioner that he could either delete his unexhausted claims or dismiss the petition without prejudice, return to state court, and exhaust the unexhausted claims. The petitioner elected to dismiss his petition without prejudice so that he could exhaust his state court remedies. After the petitioner returned to federal court, having fully exhausted his claims in the state courts, the federal court dismissed his second petition with prejudice as time-barred.

The Supreme Court held that, contrary to the holding by the Ninth Circuit, a district court does not commit prejudicial error when it fails to inform a *pro se* prisoner (1) as to what he would have to do, procedurally, to invoke the district court's stay and abey procedure; and, (2) that absent equitable tolling, his federal claims would be time-barred on his return to federal court. *Pliler*, 542 U.S. at 230-32. The Court stated that "[r]equiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decision-makers," and would "force upon district judges the potentially burdensome, time-consuming, and fact-intensive task of making a case-specific investigation" of the applicable AEDPA limitations period. *Id.* at 232. The Court further recognized that "*Rose* requires dismissal of mixed petitions, which, as a practical matter, means that the prisoner must follow one of the two paths outlined in *Rose* if he wants to proceed with his federal habeas petition. But nothing in *Rose* requires that both of these options be equally attractive, much less suggests that district judges give specific advisements as to the availability and wisdom of these options." *Id.* at 233. That said, the Court remanded for determination of whether the petitioner "had been affirmatively misled quite apart from the district court's failure to give the two warnings." *Id.* at 234; *see also id.* at 235 (O'Connor, J., concurring) ("Nevertheless, if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate. This is a question for the Ninth Circuit to consider on remand.").

The Court considers below whether Mr. Barron is entitled to equitable tolling of the AEDPA limitation period.

**IV. Equitable Tolling**

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may be appropriate if (1) the petitioner is actually innocent; (2) an adversary's conduct or other extraordinary circumstance prevents the petitioner from timely filing; or (3) the petitioner actively pursues judicial remedies but files a defective pleading within the statutory period. *See Holland*, 560 U.S. at 649; *Gibson*, 232 F.3d at 808. Simple excusable neglect is not sufficient to support equitable tolling. *Gibson*, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the petitioner pursues his claims diligently. *Miller*, 141 F.3d at 978. The petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978)). Mr. Barron bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Barron did not file a Reply to Respondents' assertion in the Pre-Answer Response that the Application is time-barred, nor does he allege any facts in his Application to suggest that equitable tolling is warranted. Upon careful review of the filings in Applicant's two federal habeas cases, the Court finds no explanation as to why Applicant did not file a motion for state post-conviction relief, pursuant to Colo. Crim. P. Rule 35(c), during the nine months after the state district court denied his Rule 35(b) motion, but instead chose to file a mixed federal habeas application in this Court on August 12, 2010. Mr. Barron has failed to demonstrate that he diligently pursued his state court remedies before seeking federal habeas corps relief. And, to the extent he

would rely on his *pro se* status, ignorance of the law is not a basis for equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.").

The Court next considers whether Applicant was "affirmatively misled" by the Court's Order to Show Cause in Case No. 10-cv-2134-ZLW. *See Pliler*, 542 U.S. at 234. On this issue, the Ninth Circuit's decision in *Brambles v. Duncan*, 412 F.3d 1066 (9th Cir. 2005), is instructive.

In *Brambles*, the Ninth Circuit addressed circumstances similar to those in the present case and concluded that the habeas petitioner has not been affirmatively misled by the federal district court. The Circuit Court reasoned:

> The district court affirmatively told Brambles to choose between two alternatives—dismiss his unexhausted claims and proceed in federal court only with his then-exhausted claim, or request the district court to dismiss the entire petition without prejudice and exhaust his then-unexhausted claims in state court before returning to federal court. These instructions were not affirmatively misleading. They presented accurate options available to Brambles. *See* 28 U.S.C. § 2244(d)(1); *Rose v. Lundy*, 455 U.S. 509, 510, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); . . . If anything was misleading, it was what the district court did not tell Brambles–that the dismissal of his first petition would effectively be final unless he could establish that the statute of limitations period was equitably tolled, and that the stay and abey process was available. However, the Supreme Court in *Pliler* admonished district courts against attempting to explain to pro se litigants these federal habeas procedures, stating that attempting to do so might prove to be misleading. *Pliler*, 124 S.Ct. at 2446.

*Brambles*, 412 F.3d at 1070-71. The Ninth Circuit concluded that because the petitioner was not affirmatively misled by the district court, equitable tolling was not available to him. *Id.* at 1071.

This Court agrees with the reasoning in *Brambles*, as supported by the Supreme Court's decision in *Pliler*, and finds that Applicant was not affirmatively misled by the Court in the earlier action. *See also Ford v. Pliler*, 590 F.3d 782, 784 (9th Cir. 2009) (concluding, on remand, that the petitioner was not affirmatively misled by the district court's statements because "[a] petitioner's misunderstanding of accurate information cannot merit relief").

Further, Mr. Barron does not allege any facts in the § 2254 Application to demonstrate that he is actually innocent of the crimes. *See McQuiggin v. Perkins*, ___, U.S. ___, 133 S.Ct. 1924, 1928 (2013) (holding that a claim of actual innocence may warrant tolling where the petitioner demonstrated that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

In sum, the Court finds no basis to apply equitable tolling in this action. Accordingly, the § 2254 Application will be dismissed as time-barred.[3]

**V. Orders**

For the reasons discussed above, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 8), filed by Applicant, Lavern B. Barron, a/k/a Lavone B. Barron, is DENIED as time-barred under 28 U.S.C. § 2244(d), and this action is DISMISSED WITH PREJUDICE. It is

---

[3] The Court need not reach Respondents' alternative argument that at least one of Applicant's claims is procedurally barred.

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of the procedural ruling and Mr. Barron has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Barron files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED January 28, 2015. at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court